# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**
_____

**No. 26-5257**                                       **September Term, 2025**

**1:20-cv-02295-EGS**

**Filed On:** July 17, 2026

National Association for the Advancement of
Colored People,

       Appellee

      v.

United States Postal Service and Louis
DeJoy, in his official capacity as Postmaster
General of the United States Postal Service,

       Appellants


    **BEFORE:**    Henderson, Walker, and Garcia, Circuit Judges

## O R D E R

    Upon consideration of the motion for stay pending appeal, the opposition thereto, and the reply, it is

    **ORDERED** that the motion for stay be granted.  Appellants have satisfied the stringent requirements for a stay pending appeal.  See Nken v. Holder, 556 U.S. 418, 434 (2009); D.C. Circuit Handbook of Practice and Internal Procedures 33 (2025). Appellants have made a strong showing that they will likely succeed on two of their arguments.  First, their proposed rule is likely neither constitutionally nor prudentially ripe for review.  See Ctr. for Auto Safety v. Nat'l Highway Traffic Safety Admin., 710 F.2d 842, 846 (D.C. Cir. 1983) (per curiam).  Second, even if adopted, that proposed rule likely would not violate paragraph 2 of the parties' settlement agreement.  Next, appellants have demonstrated irreparable harm on the ground that, absent a stay, the district court's injunction "will render [them] unable" to "issue and implement a final rule in advance of the November 2026 general election."  Mot. for Stay 24.  In this context, "there can be no do over" once the election occurs.  League of Women Voters of the U.S. v. Newby, 838 F.3d 1, 9 (D.C. Cir. 2016) (internal quotation marks omitted). Finally, on this record, any countervailing harm to appellee and the public does not

# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 26-5257**                                          **September Term, 2025**

outweigh appellants' success on the two "most critical" stay factors.  Nken, 556 U.S. at 434.

**Per Curiam**

FOR THE COURT:
Clifton B. Cislak, Clerk

BY:   /s/
Selena R. Gancasz
Deputy Clerk