[NOT YET SCHEDULED FOR ORAL ARGUMENT]

**No. 26-5257**

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE,

Plaintiff-Appellee,

v.

UNITED STATES POSTAL SERVICE, *et al.*,

Defendants-Appellants.

---

On Appeal from the United States District Court for the District of Columbia (No. 1:20-cv-02295)

---

**RESPONSE TO MOTION TO VACATE AND DISMISS**

---


BRETT A. SHUMATE
*Assistant Attorney General*

ERIC D. MCARTHUR
*Deputy Assistant Attorney General*

BRAD HINSHELWOOD
LAURA E. MYRON
*Attorneys, Appellate Staff*
*Civil Division, Room 7228*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(202) 305-1754*

## CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

### A. Parties and Amici

Plaintiff below, and Appellee here, is the National Association for the Advancement of Colored People. Defendants below, and Appellants here, are the United States Postal Service and David Steiner, in his official capacity as Postmaster General of the United States. Steiner was automatically substituted for Louis DeJoy under Fed. R. App. P. 43(c)(2). Amici appearing before the district court are Richard Blumenthal, Cory A. Booker, Sherrod Brown, Tom Carper, Mazie K. Hirono, Amy Klobuchar, Edward J. Markey, Jeffrey A. Merkley, Jack Reed, Bernard Sanders, Jeanne Shaheen, Elizabeth Warren, Sheldon Whitehouse, Ron Wyden, and the United States House of Representatives.

### B. Ruling Under Review

The ruling under review in this case is the July 1, 2026 opinion and order of United States District Court Judge Emmet G. Sullivan granting plaintiff's motion to enforce compliance with the prior settlement agreement, declaring that the standards and procedures set forth in the Postal Service's June 2, 2026 Notice of Proposed

Rulemaking "would violate the Settlement Agreement, and enjoining the Postal Service from implementing the standards and procedures. *See NAACP v. U.S. Postal Service*, No. 20-cv-02295 (D.D.C.). The opinion and order are appended to this motion.

**C. Related Cases**

This case was previously before this Court as appeal numbered 20-5375. There are three related—and consolidated—cases pending before the U.S. District Court for the District of Columbia: *NAACP v. Trump*, No. 26-cv-1151-CJN (D.D.C.); *League of United Latin American Citizens v. Executive Office of the President*, No. 26-cv-01132-CJN (D.D.C.); and *DSCC v. Trump*, No. 26-cv-01114-CJN (D.D.C.). An interlocutory order of the district court declining to grant a preliminary injunction was appealed by the plaintiffs in *DSCC v. Trump* to this Court in No. 26-5193. There is also a pending appeal in the Court of Appeals for the First Circuit in a related challenge to the implementation of Executive Order 14,399. *See California, et al. v. Trump, et al.*, Nos. 26-1774, 26-1779 (1st Cir.).

/s/ *Laura E. Myron*
Laura E. Myron

## RESPONSE

This appeal concerns an extraordinary injunction entered by the district court purporting to prohibit the U.S. Postal Service (USPS) from implementing standards the agency articulated in a notice of proposed rulemaking concerning mail-in and absentee ballots before the agency has even finalized a rule on the ground that the court was purportedly enforcing a settlement agreement between USPS and plaintiff. On July 17, 2026, this Court stayed that injunction, explaining that "Appellants have made a strong showing that they will likely succeed on two of their arguments": that (1) the "proposed rule is likely neither constitutionally nor prudentially ripe for review"; and (2) "even if adopted, th[e] proposed rule likely would not violate paragraph 2 of the parties' settlement agreement." Order of July 17 at 1.

Plaintiff has now moved to vacate the favorable district court order it received and to dismiss the government's appeal of that order. Plaintiff justifies that request by asserting that, because it sought relief in advance of the 2026 midterm election, any relief plaintiff could obtain from affirmance "would come too late to effectuate the time-sensitive relief that . . . the district court had ordered." Mot. at 2.

That plaintiff no longer wishes to defend on appeal the order it obtained below is not a basis on which to vacate the district court's order and dismiss the government's appeal over the government's objection. Plaintiff does not argue that the dispute in this case is moot or will become moot during the pendency of the case. Nor has plaintiff disclaimed bringing exactly the same claim—or a claim premised on the same reading of the settlement agreement adopted by the district court and advocated by plaintiff—in the future, and the vacatur of the district court's order plaintiff requests would not apparently preclude such relitigation. Indeed, paragraph 2 of the settlement agreement here applies to the 2028 election as well as the November 2026 election, and nothing in the district court's order is limited to the 2026 election. This Court should thus decline plaintiff's request to vacate the district court's order without resolving the dispute, given the importance of clarity for the parties and the district court.

Of course, if the Court believes that full briefing is not warranted, it could construe the briefing on the motion for stay as a motion for summary reversal. *See Taxpayers Watchdog, Inc. v. Stanley*, 819 F.2d 294, 297-98 (D.C. Cir. 1987) (explaining that summary disposition is

appropriate where the merits "are so clear that expedited action is justified" and "no benefit will be gained from further briefing and argument of the issues presented"). Resolving the appeal in that fashion would "avoid unnecessary briefing," Mot. at 2, as plaintiff seeks, and would provide clarity to the parties and the district court for the same or a substantially similar dispute in the future.

## CONCLUSION

This Court should deny the motion to vacate and dismiss, or in the alternative should summarily reverse for the reasons explained in our stay motion and reply.

Respectfully submitted,

BRETT A. SHUMATE
*Assistant Attorney General*

ERIC D. MCARTHUR
*Deputy Assistant Attorney General*

BRAD HINSHELWOOD
*/s/ Laura E. Myron*
LAURA E. MYRON
*Attorneys, Appellate Staff*
*Civil Division*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(202) 305-1754*

## CERTIFICATE OF COMPLIANCE

This response complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 504 words. This response also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in 14-point Century Schoolbook, a proportionally spaced typeface.

*/s/ Laura E. Myron*
Laura E. Myron