**[ORAL ARGUMENT NOT YET SCHEDULED]**

**IN THE UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>UNITED STATES POSTAL SERVICE, et al.,<br><br>Defendants-Appellants. | No. 26-5257 |

**APPELLEE'S REPLY IN SUPPORT OF MOTION TO VACATE AND DISMISS**

On July 1, 2026, the district court, granting Appellee NAACP's Motion to Enforce Compliance with Settlement Agreement and Order, enjoined Appellant U.S. Postal Service (USPS) from adopting proposed procedures that would allow USPS to refuse to deliver certain mailed ballots to voters. On July 17, this Court issued a per curiam decision granting Appellants' motion to stay. This Court stated, among other things, that the NAACP's motion was "likely neither constitutionally nor prudentially ripe." D.C. Cir. Order at 1.

Because of the timing exigencies, the Court's order granting a stay effectively resolves this appeal. As NAACP stated in the Motion to Vacate, a decision in the NAACP's favor after briefing and argument on the merits would come too late to effectuate the time-sensitive relief that that NAACP sought in advance of the 2026 election.

Appellants do not disagree. Nonetheless, they ask the Court not to vacate the decision that they appealed. According to Appellants, this Court should instead expend its resources to decide the case on the merits, either after full briefing or even without full briefing, because the NAACP *could* file a new motion seeking similar relief in the district court sometime in the next two years. But the possibility of future litigation between the parties on a similar issue is not a basis for issuing an advisory opinion that will not affect their present rights. *See generally Samma v. Dep't of Defense*, 136 F.4th 1108, 1113, 1115 (D.C. Cir. 2025). And Appellants' speculation turns on a series of unknowable future contingencies: that a summary judgment order barring USPS from finalizing the proposed rule will be overturned, *see California v. Trump*, No. 26-cv-11581, – F. Supp. 3d –, 2026 WL 1826490 (D. Mass. June 25,

2026); that USPS will adopt the contested procedures; and that the NAACP will choose to file a similar motion in 2028, among other things.

In addition, Appellants' response overlooks that, if Appellants are correct that the NAACP's district court motion was not ripe, *see* Appellants' Motion to Stay 23–24; *see also* D.C. Cir. Order at 1, this Court will not reach the merits of the appeal. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (holding that courts must address jurisdiction before merits). Rather, if Appellants are correct as to justiciability, this Court will vacate the district court's decision as unripe. *See, e.g.*, *Coal. for Humane Immigrant Rts. v. Mullin*, No. 25-5289, – F.4th –, 2026 WL 2317908, at *6 (D.C. Cir. Aug. 11, 2026) (vacating district court decision for lack of jurisdiction). Thus, the outcome if Appellants prevail on their jurisdictional argument will be the same outcome that the NAACP seeks at this time.

## CONCLUSION

For the foregoing reasons, Appellee NAACP's motion to vacate the order on appeal and to dismiss the appeal should be granted.

Date: August 20, 2026

Respectfully submitted,

/s/ Allison M. Zieve
Allison M. Zieve
Wendy Liu
PUBLIC CITIZEN LITIGATION GROUP
1600 20th Street NW
Washington, DC 20009
(202) 588-1000
azieve@citizen.org

Sam Spital
John S. Cusick
Brittany Carter
NAACP LEGAL DEFENSE AND EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, NY 10006
(212) 965-2200
sspital@naacpldf.org

Counsel for Appellee NAACP

## CERTIFICATE OF COMPLIANCE

This reply complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 467 words. This reply also complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E), 32(a(5), and 32(a)(6) because it was prepared using Word for Microsoft 365 in Century Schoolbook 14-point font, a proportionally spaced typeface.

/s/ Allison M. Zieve
Allison M. Zieve